WR-84,286-01
Application for Writ of Habeas Corpus

84,286-01

To: The Honorable Justices of the Court of Criminal Appeals
ANNEX TO PREVIOUS "PLEA FOR HELP"

RECEIVED IN
COURT OF CRIMINAL APPEALS
5-17-2016
JUN 01 2016
Abel Acosta, Clerk

I am at a loss here without any experience in legal matters such as these, so if you would please bear with me I'll explain as simply as possible what to my limited knowledge are the issues. As you have already been informed in my previous letter titled "A PLEA FOR HELP" I was to be appointed counsel by the trial court as soon as possible after they recieved the order handed down on January 13, 2016 from the Court of Criminal Appeals. Unfortunately this did happen. I first heard from the attorney Brooks Barfield by phone on March 21, 2016 briefly then again on the phone in the county jail on March 23, 2016 and was allowed to ask questions of him, but he didn't have much time for me and was quickly irritated as he drove home from the office in rush hour traffic, while trying to answer my questions as opposed to sitting down somewhere with my file and taking notes and developing strategies for the hearing. One day and a 15 minute conversation on the phone while the attorney drove home was all I was allowed for preparation time of the Most Important Hearing of My Life! for a hearing scheduled the next morning at 8:30am. Neither did he meet with me before the hearing in private, the baliff walked me into the court room and everybody was already in place and then the hearing started. He had not done anything as far as I could tell to prepare for this, We had not discussed witnesses to subpoena nor witnesses the prosecution would be calling to testify, nor did we discuss questions to ask

nor cross examination questions, no strategies were discussed, He did not call to interview witnesses from my writ to prepare them for what questions the prosecution might be asking them. I also informed him on paper he read in court during the first Evidentiary Hearing that we must subpoena T.D. Hammons whom I had filed Ineffective assistance of Counsel on because Mr. Hammons would have to answer to all of the violations he's accused of in my application for Writ of Habeas Corpus on the stand. He did not subpoena Mr. Hammons allowing only his affidavit to be admitted into record and not his live testimony that would have proven he did not do a full independant investigation of the witness, pressured me extremely through fear tactics into a plea agreement, told me to plea guilty without knowledge of what other crucial witnesses like the daily caretaker Julie McCollum would have told him making my plea agreement completely unknowing and unintelligable. Mr. Barfield failed to subpoena one of my most important witnesses. I feel like failure to abide in the wishes or decisions of his client violates Rule 1.02 of the Texas Disciplinary Code of Professional Conduct, making his behavior under the classification and definition of Wanton misconduct and Willful Neglect, also violating the terms of appointment of Counsel handed down by the Court of Criminal Appeals under 26.04 and art. 1.051 of the Tx Code of Crim. Proc. of which reversal is ordinarily called for without any question. The Judge Don Emerson specifically stated to the DA and Mr. Barfield at the closure of the Hearing for both sides to turn in findings of fact and conclusions of law. Mr. Barfield

could not have possibly done this simply based on the copy of the recomendations of the court I recieved on April 27, 2016 from the clerk of Potter County. The recomendations were so completely one-sided and biased against the applicant that theres no possible way he could have turned in findings of fact + conclutions of law for the defence. He did not represent himself to be an advocate for me and I feel he should be considered completely inneffective. Strickland v Washington 104 Sct. 2052.

Neither did the State provide a Notice of Objectability as required by law with the recomendations of which I had no earthly idea my attorney was also to do as a part of his duty being assigned to my Evidentiary Hearing process. Which he did not do nor did he tell me about. Ever since the Evid. hearing ended not me nor my family has been able to get intouch with Mr. Barfield by phone or letter. He left the Evidentiary Hearing process incomplete of his responsibilities, and completely abandoned me at this most critical stage of the most important event of my life thus far, besides the birth of my son and getting married.

As for the District Clerk of Potter County is concerned I would like to report that the copy of the courts recomendations has been the only paperwork I have recieved during my entire 11.07 process. According to Code of Crim. Proc. Art 11.07 sec 7 the clerk should have sent me a copy of all answers motions, pleadings, orders and affidavits filed by my previous attorney concerning the 11.07 application I filed.

If there is still time, I would like to request an extention of time so that I may personally produce a letter of objections to each point of the findings of fact and each point of the conclusions of law. I will attempt to do this even though I am a wrongfully incarserated Indigent inmate and not a professional attorney of law. I feel know that my 6th Amendment Rights to effective counsel are being violated again and Mr. Barfields failure to complete his duties of Art 26.04 + 1.051 governing the Evidentiary Hearing process. of the Tx Code of Crim. Proc.

It is my prayer that the Court would grant me some relief in this matter, if not complete reversal as is ordinarily called for without any question (Griffin v State 489 sw2d 290)

Respectfully Submitted,
Nathaniel Stratton
1970545
Middleton Unit
13055 FM 3522
Abilene, Tx 79601

I __Nathaniel Stratton 1970545__ , being presently incarcerated in __Middleton Unit__ ,
　　　　*name and TDCJ#*　　　　　　　　　　　　　　　　　　　　　　*Unit Name*

in __Jones__ County, Texas, declare under penalty of perjury that the foregoing is true
　　*County Name*

and correct.

Executed on the __17th__ day of __May__ , 2014 __Nathanuel Stratton__
　　　　　　　　　　　　　　　　　　　　　　　　　　*Offender Signature*

THE STATE OF TEXAS

Vs.

NATHANIEL STRATTON

§§§§§§§§

IN THE ~~105th~~
Court of Criminal Appeals
~~DISTRICT COURT~~
Austin
~~AMARILLO~~, TEXAS

## MOTION TO VACATE CONVICTION AND SENTENCE

Now comes Nathaniel Stratton, the defendant in cause number 60,424-E and the Applicant of Habeas Corpus application WR-84,286-01 in the above entitled and numbered cause, files this Motion to Vacate Conviction and Sentence and release from the custody of the Texas Department of Criminal Justice. Since this motion is reserved for the transgressions of Constitutional Rights, Nathaniel Stratton would like to show the court the following facts of Cause and Prejudice and of his Actual Innocence. Left unaddressed these violations of Nathaniel Stratton's Constitutional Rights have resulted in a Miscarraige of Justice (Collins v Johnson 89 F.3d 210). The Miscarraige of Justice in this Cause is the wrongful conviction and incarseration of an innocent man. Who has been stripped of his Constitutional liberties for almost 7 years. The grounds for this motion will be the violations of Nathaniel Stratton's 6th Amendment and 14th Amendment Rights of the Constitution of The United States of America.

1. <u>6ᵗʰ Amendment violations of the Right to Effective Assistance of Counsel as guaranteed by the Constitution of the United States of America.</u>

T.D. Hammons was hired by the alleged victim Wanda Mother to represent the innocence of Nathaniel Stratton, accused of an Injury to an Elderly in September of 2009. Mr. Hammons is licensed to practice law in Texas by the State Bar Association of Texas and was aware of his Constitutional duties of both The United States of America and the Texas Constitution to be effective representation. He was also aware that he has an over arching duty to be an Advocate of the innocence of Nathaniel Stratton (<u>Strickland v Washington 104 S. Ct. 2048</u>). Furthermore the Applicant will show the acts and omissions of counsel that were not the result of reasonable professional judgement.

<u>Cause and Prejudice of the 6ᵗʰ Amendment Violations</u>

Wanda Mulherin was taken by her daughter Julie McCollum to see T.D. Hammons and possibly hire him to defend Nathaniel Stratton who was already in the Potter County Detention Center While at the jail on an alleged probation violation, around 10-1-2009 Nathaniel was served papers that he was being charged by Information with an Injury to an Elderly, about 1 month after police officers left his grandmothers house to get a warrant to arrest him. (If you'll remember the APD Officer testified at the Evidentiary Hearing that they did not arrest Nathaniel immediately, but that they left to go obtain a warrant for doing so. The officers never obtained a warrant and never came back to arrest Nathaniel) While in jail Nathaniel wrote home and told his family of the new

Charge, Wanda hired T.D. Hammons, who then went only to the D.A.'s office, read the file and charges against Nathaniel, was given an offer by the D.A. handling the case and instead of obeying his duties of the 6th Amendments Right to Effective representation by Counsel, and doing a full independent investigation and interviewing all the witnesses involved. (Strickland v Washington 104 Sct. 2048) (especially the daughter of Wanda who is with her everyday and takes care of her every need. Neither did Mr. Hammons interview the two individuals who allegedly made derrogatory statements) T.D. Hammons came to the jail to meet with me, and through what I consider intimidation and fear tactics, told me that the states case against me looked very bad and they had 2 statements against me from relatives, he would not specify who? and I was not allowed to read those statements. He then pressured me up by telling me that if I fought this case and took it to trial, I would lose and go to prison for 10 years because I was already on probation for child support and this charge was considered a class 3 felony. I told him that I was innocent and that I have never done anything to hurt my Grandmother (whom raised me from a baby, I didn't have a violent history, nor had I ever been convicted of a violent crime) but I felt that I had no choice but to plead guilty and take the offer from the D.A.. Had Mr. Hammons after reading the D.A.'s file, went and interviewed Julie McCollom he would have discovered that Wanda said from the very beginning that Nathaniel had done nothing to harm her or injur her in any

Way. Also he would have discovered that Nathaniel had never in his life put his hands on his grandmother in anger and never harmed or injured her. Had he interviewed this crucial witness for the defense, he would have never taken the D.A.'s offer and came to me with the information gained from interviewing Julie McCollum, but I was under the impression that he had completely investigated the situation. He should have never advised me to plead guilty to a charge I was innocent of. Not having fullfilled his Constitional duties of doing a complete independent investigation, Had he communicated his discoveries from his pre-trial investigation, He would have offered Wanda a Non-Prosecutorial Affidavit per the standard discribed in Strickland v Washington 104 S.ct. 2048 @2065., I would have never agreed to plead guilty, which now makes this plea completely unknowing and unintelligably made, I would have taken this to trial, had it not been for the deficient performance of my attorney, and a different outcome would have occured.

<u>Summary of 6th Amendment Violations and Case Law Citing In Support of.</u>

1) <u>Effective Assistance of Councel</u> as Guaranteed by the U.S. and Texas Constitutions.

    A. <u>Iowa v Tovar 541 U.S. 77, 80</u> - "The Sixth Amendment safeguards to an accused who faces incarceration, the right to Counsel at all critical stages of the Criminal process"

    B. <u>Kimmelman v Morrison 477 U.S. 365, 377</u> - "The Right to Counsel is the Right to effective assistance of Counsel"

C. Hernandez v State 726 SW2d 53, 56-57 - Art 1 §12 of the Texas Constitution entitles a defendant to effective assistance of Counsel

2) Right to and the Importance of a full independent investigation done by the defense counsel

A. 4.41 of ABA states - "effective investigation by the lawyer has an important Bearing on competent representation for without adequate Investigation a lawyer is not in a position to make best use of such mechanisms"

B. McQueen v Swensen 498 F.2d 207 - "This principle is so fundamental that the failure to conduct a reasonable pretrial investigation may in Itself amount to ineffective counsel

C. Ex Parte Ybarra 629 SW2d 943 "Criminal defense counsel has a responsibility to seek out and interview potential witnesses and failure to do so is to be ineffective, if not incompetent, where the result is that any viable defense that is available to the accused is not advanced"

D. Bryant v Scott 28 F.3d 1411, 1419 - (Duty to Investigate Includes the obligation to Investigate all witnesses who may have Information concerning his or her clients guilt of Innocence)

E. Crisp v Duckworth 743 F.2d 580, 583 - "as a general rule an attorney must Investigate a case in order to provide minimal competent representation

F. Thomas v Lockhart 738 F.2d 304, 308 - "an Investigation that consisted solely of reviewing the prosecutors file" fell short of what a reasonably competent attorney would have done

3) <u>Failure to provide or offer a client the possibility of entering a Non-Prosecutorial Affidavit is a violation of the 6th Amendments Right to Effective Assistance of Counsel</u>

A. <u>Strickland v Washington 104 S.ct.@2065</u> - the proper measure of an attorneys performance remains simply reasonableness, under prevailing professional norms. It is considered defense counsels professional norm to offer the "victim" who hired the defense attorney to be an advocate, to defend the accused against this false accusation a Non-Prosecutorial Affidavit making an official statement to the court and the D.A's office of the Defendants innocence and non involvement in any criminal behavior.

4) <u>Counsel is required at all critical stages</u>

A. <u>Mc Mann v Richardson 397 us, 759, 90 S.ct. 1441</u> - "The Sixth Amendment right to counsel includes, the right to effective assistance of counsel and that right extends to all critical stages (United States v Cronic 466 us 648)

B. <u>Ex parte Stanford 571 Sw 2d 28, 28-29</u> - "Denial of counsel at any critical stage entitles the applicant to relief"

As far as the investigation is concerned, I feel like there was a complete denial of representation considering he did not interview any of the witnesses, especially after only reading the prosecutors file. Also in the entry of a guilty plea because Mr. Hammons knew he had not conducted a complete independent investigation of the witness and in turn was not able to communicate to his client the information he should have discovered, making the guilty plea unknowing and unintelligable

5) <u>Open and Complete communication or Lack of</u>

   A. <u>Geders v United States 96 Sct. 1339</u> – A defendants communication with counsel is critical to Attorney representation

   B. <u>Swidler + Berlin et al v United States 118 Sct. 2081</u>

"Denial of this opportunity is a Constitutional error requiring reversal. the importance of communication between attorney and client is shown by the great lengths the legal system goes to in order to protect Attorney Client priveledge."

My attorney failed to interview key witnesses that were crucial to my defense. The Non existance of the information he would have gathered and in turn communicated to me, would have definitely affected my not going to trial. If not for this deficient performance the outcome would have been different and No reasonable juror would have convicted me. (Miscarralge of Justice)

6) <u>The Attorney advised the Client to plead guilty</u>

   A. <u>James v Cain 56 F. 3d 662</u> –"to succeed in showing prejudice, the habeas petitioner must show that it was in fact reasonably probable that but not for the misadvice of his counsel he would not have pleaded Guilty and would have insisted on going to trial"

   B. <u>Padilla v Kentucky 559 us___, 176 L.ed. 2d 284, 296-97</u>

"The mere fact that the attorney advised the client to plead guilty is deficient performance."

C. United States v Nahodil 36 F.3d. 323 — (Ineffective Assistance Claim stated where counsel advised defendant to plead guilty, despite the defendants repeated objections to doing so)

D. Woodard v Collins 898 F.2d 1027, 1029 "When a lawyer advices his client to plea bargain to an offense which the attorney has not investigated, such conduct is alway unreasonable"

E. Ex parte Kelly 676 SW2d 132 — "Defendants plea was involuntary since it was induced by erroneous advice and misleading information"

F. United States v Kauffman 109 F.3d 186, 191 — (In the context of a claim that counsel failed to conduct an adequate investigation prior to the entry of a guilty plea, prejudice is demonstrated by showing that the defendant would have insisted on going to trial instead of pleading guilty)

G. Ex parte Evans 690 SW2d 274,276 "quoting "Mcmann v Richardson 397 US 759 — "The constitutional key to validity of a guilty plea is that it be voluntarily and intelligently made and if upon advice of an attorney that a counsel be reasonably competent and render effective assistance" (alleged deficiencies caused applicants plea of guilt to be Unknowing and involuntary.)

## II. 14th Amendment - Due Process Clause and the wrongful incarceration of an innocent person and demonstrating Actual Innocence

### 1. Newly discovered evidence - Actual innocence

A) APD officers failed to inquire at 1:00 Am from an 82 year old woman if she were under the effects of any medication

B) Wanda Mulherin was under the effects of a strong narcotic sleeping pill called Ambien that has side effects of hallucinations.

C) Wanda doesn't remember giving APD officers a statement on the night in question, In the evidentiary Hearing she did not recognize this statement or remember say anything in it

D) Had T.O. Hammons done a full investigation he would have discovered this statement was tainted and had it suppressed, instead he used it through fear and coersion to force Nathaniel Stratton into a guilty plea. Making it unknowing and unintelligently made

E) Julie McCollom through sworn affidavits and testimony at the live Evidentiary Hearing said that ~~Nathaniel~~ Wanda said the very next day that Nathaniel had done nothing to harm her or injur her in any way, she did not even mention having a bruise on her arm

F) Wanda made 2 sworn affidavits testifying of the innocence of her grandson, she also believes 100% that she went to the Evidentiary Hearing and testified on the stand that she never remembers Nathaniel ever

(cont.) hitting, hurting or injuring her in her entire life.

G) It has been discovered after the plea agreement that T.D. Hammons never interviewed a single witness involved after Wanda Mulherin hired him to protect the innocence of her grandson. After reading the Prosecuters file, No witnesses were interviewed. Especially Julie McCollum her daughter and daily caretaker

H) Wanda testified at the Evidentiary hearing that she contacted the D.A's office at least 3 times to have the charges dismissed. The prosecuter did not pass on this exculpatory evidence to defense attorney T.D. Hammons (Brady Material)

I) Wanda never knew of the possibility of a Non-prosecutorial Affidavit and was never offered one by T.D. Hammons even though she hired him to protect the Innocence of Nathaniel. Nathaniel also told is lawyer he was innocent and had done nothing to hurt her.

J) Wanda Mulherin takes Ambien, Coumadin and a host of other medications but not one question single question was made by APD Officers or My Attorney T.D. Hammons

## 2. Wrongful Incarceration of an Innocent Person
## 14th Amendment - Due Process - Miscarriage of Justice

A) Ex parte Elizondo 947 SW2d 202, 206 - In Texas the Incarceration of an Innocent Person violates due process

B) 14th Amendment - Due Process Clause - Incarceration of an Innocent person offends federal due process, therefore a bare innocence claim raises a constitutional challenge to the conviction.

C) Ex parte Tuley 109 Sw3d 388 - "Punishment of an Innocent person violates the federal requirement of Due process"

D) Ex parte Tuley 109 Sw3d 388 - "Policy of not incarcerating innocent people on a criminal basis applies with no less cogency where the conviction is obtained by a bench trial or a guilty plea"

E) Ex parte Sparks 206 Sw3d 680 - "When the applicant for habeas corpus claims that he is Actually Innocent and he proves it, he will be relieved from the restraint of the conviction even though he may have pleaded guilty and confessed"

## Statement summarizing Actual Innocence

Wrongfully convicted of a crime that never even took place, Nathaniel Stratten through extreme dilligence has introduced his Habeas Corpus Art. 11.07 Application and Live Evidentiary Hearing Testimonial evidence and by 4 Sworn affidavits from the alleged victim Wanda Mulherin and her Daily Caretaker Julie McCollum, his Actual Innocence and Wrongful Incarceration by the violation of his 14th Amendment Rights.

## Prayer

WHEREFORE PREMISES CONSIDERED, Nathaniel Stratton Prays that said cause number 60,424-E convicted in the 108th District Court of Potter County, Amarillo, Texas be discharged and the Conviction and the Sentence be Vacated in the Interest of Justice. Nathaniel asks the court to please consider the Cause and Prejudice facts of Inneffective Assistance of Counsel and the Violation of Nathaniel's 14th Amendment Right to Due Process, incarseration of an Innocent person and his Actual Innocence, Thank You, Amen

Respectfully Submitted,

Nathaniel Stratton

Nathaniel Keith Stratton 1970545

pro se

Cause Number 60,424-E
Writ Number- WR-84,286-01

THE STATE OF TEXAS

v

NATHANIEL STRATTON

§
§
§
§
§
§
§

IN THE ~~108th~~
Court of Criminal Appeals
~~DISTRICT COURT~~
Austin
~~POTTER COUNTY~~, TEXAS

# ORDER REGARDING MOTION TO VACATE CONVICTION AND SENTENCE OF NATHANIEL STRATTON

On this ___ day of _____, 2016, Nathaniel Stratton is requesting that the Honorable Judge Presiding in the 108th District Court of Potter County, Amarillo, Texas, to make a decision on this Motion to Vacate the Conviction and Sentence of Nathaniel Stratton in Cause number 60,424-E

IT IS ORDERED, ADJUDGED, and DECREED THAT THE MOTION TO VACATE SHOULD BE,

_____ GRANTED  _____ DENIED

_____
JUDGE PRESIDING SIGNATURE

I _Nathaniel Stratton 1970545_ , being presently incarcerated in _Middleton Unit_ ,
                  *name and TDCJ#*                                         *Unit Name*

in _Jones_ County, Texas, declare under penalty of perjury that the foregoing is true
      *County Name*

and correct.

Executed on the _17th_ day of _May_ , 2014 _Nathaniel Stratton_
                                                        *Offender Signature*